**Opinion issued June 8, 2023**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-22-00170-CV**
_____

**IN RE IRON OAK, INC., Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

Relator Iron Oak, Inc. filed a petition for writ of mandamus, asking that we order the trial court to vacate its January 18, 2022 order prohibiting John T. Preston and/or Michael Eugene Porter or any person acting on their behalf or in concert with them from accepting or receiving any funds on deposit under or pursuant to the

Escrow Agreement between U.S. Bank, John T. Preston, Michael Eugene Porter, and Continuum Energy Technologies.[1]  We dismiss this petition as moot.

---

[1] The underlying case is *Iron Oak, LLC v. Continuum Energy Technologies, LLC*, cause number 2020-23705, pending in the 215th District Court of Harris County, Texas, the Honorable Elaine Palmer presiding.

On March 17, 2023, real parties in interest, John T. Preston and Michael Eugene Porter, filed a motion to dismiss this original proceeding as moot, attaching a copy of the trial court's March 9, 2023 order which vacated the order of January 18, 2022 challenged in Iron Oak's petition. Iron Oak filed no response opposing the motion.

A case becomes moot if there is no longer a justiciable controversy between the parties that may be resolved by mandamus relief. *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 166–67 (Tex. 2012). If a proceeding becomes moot, we must dismiss the proceeding for lack of jurisdiction. *See id.*

Here, the order Iron Oak challenged in its petition for writ of mandamus was vacated by the trial court in its March 9, 2023 order on summary judgment and sanctions. Because the order challenged in Iron Oak's petition has now been vacated, this proceeding is moot.

We dismiss the petition as moot. Any pending motions are also dismissed as moot.


**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Countiss.